J-S38028-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
:                PENNSYLVANIA
:
v.                          :
:
:
:
ZAKEEYAH HARPER              :
:
Appellant           :     No. 1383 EDA 2022

Appeal from the PCRA Order Entered May 18, 2022
In the Court of Common Pleas of Philadelphia County
Criminal Division at CP-51-CR-1205752-2005

BEFORE:  KUNSELMAN, J., MURRAY, J., and SULLIVAN, J.

MEMORANDUM BY MURRAY, J.:                **FILED DECEMBER 29, 2022**

Zakeeyah Harper (Appellant) appeals from the order denying her third petition filed pursuant to the Post Conviction Relief Act (PCRA)[1] and her application for DNA testing.  We affirm.

In May 2007, Appellant was tried and convicted of three counts each of first-degree murder and aggravated assault, and one count each of arson and criminal conspiracy.  The convictions arose from a firebombing that caused the death of three children, and serious injuries to three other children and their mother.  Importantly, on May 24, 2007, after a full colloquy, Appellant waived her direct appeal and collateral rights in exchange for the Commonwealth's promise not to seek the death penalty.  That same day, the

---

[1] 42 Pa.C.S.A. §§ 9541-9546.

trial court sentenced Appellant to three consecutive terms of life imprisonment for her murder convictions, and concurrent prison terms of 5 - 10 years each for the two remaining convictions. Appellant did not file a direct appeal.

Appellant filed a timely *pro se* PCRA petition in April 2008. The PCRA court appointed counsel, who filed a petition to withdraw from representation and no-merit letter.[2] Because Appellant asked to represent herself, the PCRA court conducted a *Grazier* hearing,[3] but Appellant did not appear. In a prior appeal, we explained:

> An Assistant Supervisor at Muncy State Correctional [I]nstitution appeared and explained that [Appellant] chose to exercise in the yard when the guards came to get her for her court appearance. A Notice pursuant to [Pa.R.Crim.P.] 907 was issued on April 15, 2009 and [Appellant's] PCRA [p]etition was formally dismissed on May 15, 2009.

*Commonwealth v. Harper*, 996 A.2d 543 (Pa. Super. 2010) (unpublished memorandum at 2) (citation omitted). We concluded that Appellant "knowingly, intelligently, and voluntarily waived her appellate and post-convictions rights." *Id.* Accordingly, we affirmed the PCRA court's denial of relief. *See id.* (unpublished memorandum at 6). *Id.* The Pennsylvania Supreme Court subsequently denied Appellant's request to file a *nunc pro tunc* petition for allowance of appeal. *Commonwealth v. Harper*, 2010 Pa. LEXIS 2283 (Pa. filed October 4, 2010).

_____

[2] *See Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

[3] *See Commonwealth v. Grazier*, 713 A.2d 81 (Pa. 1998).

Appellant filed a *pro se* second PCRA petition on May 14, 2012, and an amended *pro se* petition on August 22, 2012. On March 18, 2015, the PCRA court dismissed the petition as untimely. Although Appellant filed an appeal, this Court ultimately dismissed the appeal because Appellant failed to file a brief. **Commonwealth v. Harper**, 564 EDA 2015 (Pa. Super. June 3, 2015) (order).

On March 18, 2020, Appellant *pro se* filed the instant PCRA petition. On February 5, 2021, she filed a *pro se* amended petition which included a claim of newly discovered facts, a request for DNA testing, and a request for appointment of counsel. Amended PCRA Petition, 2/5/21, at 3-5, 8. After appropriate Pa.R.Crim.P. 907 notice, the PCRA court dismissed Appellant's petition without a hearing on May 18, 2022. PCRA Court Order, 5/18/22. Appellant timely appealed. Appellant and the PCRA court have complied with Pa.R.A.P. 1925.

Appellant presents the following issues for review:

A. Did the PCRA [c]ourt err in determining that [] Appellant does not merit relief as there is newly discovered evidence in her case?

B. Did the PCRA [c]ourt err in determining that [] Appellant received a fair ruling and sentence as she was coerced into taking a guilty plea and signing away her appellate rights?

C. Did the PCRA [c]ourt err in determining that [] Appellant was in receipt of her Sixth Amendment Right to Effective Counsel in the trial and guilt phase of her conviction?

Appellant's Brief at 4.[4]

In reviewing a PCRA court's decision:

[W]e must determine whether the findings of the PCRA court are supported by the record and whether the court's legal conclusions are free from error. The findings of the PCRA court and the evidence of record are viewed in a light most favorable to the prevailing party. The PCRA court's credibility determinations, when supported by the record, are binding; however, this court applies a *de novo* standard of review to the PCRA court's legal conclusions. We must keep in mind that the petitioner has the burden of persuading this Court that the PCRA court erred and that such error requires relief. Finally, this Court may affirm a valid judgment or order for any reason appearing of record.

***Commonwealth v. Montalvo***, 205 A.3d 274, 286 (Pa. 2019) (citations omitted).

Before addressing Appellant's issues, we address the timeliness of her PCRA petition. Under the PCRA, any PCRA petition "**including a second or subsequent petition**, shall be filled within one year of the date the judgment becomes final[.]" 42 Pa.C.S.A. § 9545(b)(1) (emphasis added). A judgment of sentence becomes final "at the conclusion of direct review, including discretionary review in the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." ***Id.*** § 9545(b)(3). The PCRA's timeliness requirements are jurisdictional, and a court may not address the

---

[4] Appellant's argues multiple issues repeating the same claims, such that we address the issues set forth in her Statement of Questions Involved. ***See*** Pa.R.A.P. 2116(a) ("No question will be considered unless it is fairly stated in the statement of questions involved or is fairly suggested thereby."). ***In re T.W.***, 261 A.3d 409, 424 n.9 (Pa. 2021).

merits of the issues raised if the PCRA petition was not timely filed. **Commonwealth v. Albrecht**, 994 A.2d 1091, 1093 (Pa. 2010).

Appellant's petition, filed over a decade after her judgment of sentence became final, is facially untimely. **See** 42 Pa.C.S.A. § 9545(b). However, there are three timeliness exceptions set forth at 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). Appellant invokes the newly-discovered facts exception enumerated at Section 9545(b)(1)(ii). **See** PCRA Court Opinion, 4/29/22, at 1 (unnumbered).

To overcome the PCRA's timeliness requirement based on newly discovered evidence, the petitioner must prove that the evidence was unknown to her and could not have been ascertained by the exercise of due diligence. 42 Pa.C.S.A. § 9545(b)(1)(ii). Due diligence

> demands that the petitioner take reasonable steps to protect his own interests. A petitioner must explain why [s]he could not have learned the new fact(s) earlier with the exercise of due diligence. This rule is strictly enforced. Additionally, the focus of this exception is on the newly discovered facts, not on a newly discovered or newly willing source for previously known facts.

**Commonwealth v. Brown**, 111 A.3d 171, 176 (Pa. Super. 2015) (citations and emphasis omitted). Any petition invoking an exception shall be filed within one year of the date the claim could have been presented. 42 Pa.C.S.A. § 9545(b)(2).

Appellant first argues the PCRA court erred by rejecting her claim of newly discovered facts. Appellant's Brief at 10. Appellant claims that, in a

letter from Tysheea Harper (Harper) to Appellant's co-defendant, Maheim Starks (Starks),

> [Harper] admitted that she did not tell the truth about the facts of the crime as she was not thinking straight and that she told the police what they wanted to hear so that she could go home as she was pregnant and stressed.  This letter … mentions [] Appellant, but gives no details about her involvement or lack of.  The statements made in this letter amount to a recantation.  The testimony of [Harper] at trial was the only "evidence" used to convict [] Appellant….  The letter written by [Harper] was not discoverable by the Appellant as she was not receiving qualified assistance from staff at the law library at SCI-Muncy.  Had she been able to review her case with help, she could have discovered the evidence in a more timely fashion ….

*Id.* at 10-11.

In her PCRA petition, Appellant asserted the Commonwealth "knowingly us[ed] false testimony from" Harper and was aware of Harper "making inconsistent statements."  PCRA Petition, 3/18/20, at 3.  Appellant claims she became aware of Harper's recantation while researching the case of her co-defendant, Starks.  *Id.*  According to Appellant, she discovered Harper's recantation on February 18, 2020.  *Id.* at 6.  However, Appellant also concedes that Harper lied to police and **previously** changed her statement "at least four times[.]"  *Id.* (emphasis added).

Assuming Harper's letter provides newly discovered facts, Appellant fails to explain (beyond claiming inadequate assistance from prison authorities) why she was unable to obtain these facts until 2020, when she filed her PCRA petition.  This Court filed its decision in **Commonwealth v. Starks**, 151 A.3d

- 6 -

1138 (Pa. Super. 2016) (unpublished memorandum), on May 6, 2016. Appellant did not file her petition until March 18, 2020.

Furthermore, Starks filed a PCRA petition alleging evidence of Harper's recantation in August 2013. **Starks**, (unpublished memorandum at 3). As this Court explained:

> Starks requested a new trial based on alleged newly-discovered evidence: a letter dated June 27, 2013 to Starks from [] Harper, the "lookout" during the bombing and one of the Commonwealth's witnesses during trial.

**Id.** In the letter, Harper purportedly recanted. **See id.** Upon review, this Court concluded Starks failed to meet the newly-discovered facts exception to the PCRA's timeliness requirement. **Id.** (unpublished memorandum at 6). We stated:

> Assuming that Harper's letter provided new facts, Starks totally fails to explain why he was unable to obtain these facts until June 2013, over three years after expiration of the statute of limitations. Thus, he fails to demonstrate that he could not have learned the new fact(s) earlier with the exercise of due diligence.

**Id.** (unpublished memorandum at 7) (citation omitted).

Appellant's newly discovered fact claim also fails. Appellant failed to plead and prove why she was unable to discover Harper's purportedly false testimony for nearly seven years, even with the exercise of due diligence.[5] The PCRA court explained:

_____

[5] Appellant admits she spoke with her trial counsel about Harper's inconsistent versions of events. Appellant's Brief at 21.

- 7 -

> The documents [Appellant] includes[, Harper's letter and the ***Stark*** decision,] do not substantiate the fact[] that Harper gave false testimony at trial. Nor do they demonstrate [Appellant] was unable to approach Harper previously about her trial testimony, especially since Harper is [Appellant's] cousin. Thus, [Appellant] fails to establish an exception to the statutory PCRA time bar. ***See*** 42 Pa. Cons. Stat. § 9545 (b)(1)(ii).

PCRA Court Opinion, 8/9/22, at 3 (unnumbered). We agree. Thus, Appellant's first issue lacks merit.

In her second issue, Appellant claims the PCRA court erred "in determining Appellant received a fair ruling and sentence as she was coerced into taking a guilty plea and signing away her appellate rights[.]" Appellant's Brief at 12, 26. Appellant is not eligible for PCRA relief as she previously litigated her claim of a coerced plea. ***See Harper***, 996 A.2d 543 (Pa. Super. 2010) (unpublished memorandum at 2) (rejecting Appellant's claim of coercion and stating: "Appellant knowingly, intelligently, and voluntarily waived her appellate and post-convictions rights."); ***see also*** 42 Pa.C.S.A. § 9543(a)(3) (requiring a PCRA petition to plead a prove the claim was not previously litigated). Appellant's second issue does not warrant relief.

In her third issue, Appellant argues trial and guilt-phase counsel rendered ineffective assistance by not developing evidence and witnesses establishing her innocence. Appellant's Brief at 14-15. Appellant asserts:

> One such witness, Sherman Mike, could have testified that he and Appellant were involved in a relationship at this time and that she was not the scorned woman she was portrayed to be and had, in fact, moved on with her life….

Appellant's Brief at 14. Appellant claims this witness is now deceased and constitutes a "defense possibly lost." *Id.* at 15.

Appellant further argues trial counsel failed to effectively cross-examine "a witness who gave several versions of the crime Appellant was accused of." *Id.* According to Appellant, counsel should have developed evidence through an investigator hired by Appellant's mother and should have tested DNA on items in evidence. *Id.* at 17, 27-28. Appellant additionally asserts discrimination based upon her religion and claims her counsel did not allow a private investigator to develop additional evidence. *Id.* at 16-17.

Once again, Appellant's bald claims do not establish an exception to the PCRA's timeliness requirements. *See Brown*, 111 A.3d at 176 (to establish newly discovered facts, a petitioner must explain why she could not have learned the new facts with the exercise of due diligence); *see also Commonwealth v. Bradley*, 261 A.3d 381, 404 n.18 (Pa. 2021) (subsequent counsel's conclusion that previous counsel rendered ineffective assistance is not a "newly discovered fact" under the PCRA). Appellant fails to establish an exception to the PCRA's timeliness requirement, and therefore we cannot address the merits of her substantive claim. *Albrecht*, 994 A.2d at 1093.

Finally, to the extent Appellant challenges the denial of her application for DNA testing, we observe:

> Generally, the trial court's application of a statute is a question of law that compels plenary review to determine whether the court committed an error of law. When reviewing an order denying a motion for post-conviction DNA testing, this Court determines

- 9 -

whether the movant satisfied the statutory requirements …. We can affirm the court's decision if there is any basis to support it, even if we rely on different grounds to affirm.

*Commonwealth v. Walsh*, 125 A.3d 1248, 1252-53 (Pa. Super. 2015) (citation omitted).

PCRA Section 9543.1 governs requests for post-conviction DNA testing. *See* 42 Pa.C.S.A. § 9543.1. In any motion for DNA testing, the applicant must (1) specify the evidence to be tested; (2) state that the applicant consents to provide samples of bodily fluid for use in the DNA testing; and (3) acknowledge that she understands that, if the motion is granted, any data obtained from the samples or test may be entered into law enforcement data bases, may be used for investigation of other crimes, and may be used against the applicant in other cases. *Id.* § 9543.1(c)(1)(i)-(iii). Further, the applicant must present a *prima facie* case demonstrating:

(i) identity of or the participation in the crime by the perpetrator was at issue in the proceedings that resulted in the applicant's conviction and sentencing; and

(ii) DNA testing of the specific evidence, assuming exculpatory results, would establish:

(A) the applicant's actual innocence of the offense for which the applicant was convicted ….

*Id.* § 9543.1(c)(3)(i)-(ii)(A).

Here, the PCRA court addressed and rejected Appellant's application for DNA testing, stating:

[The court] has reviewed the instant motion for DNA testing pursuant to 42 Pa. Cons. Stat. § 9543.1 and determined that

- 10 -

[Appellant] fails to meet her initial burden under 42 Pa. Cons. Stat. § 9543.1. Specifically, [Appellant] fails to specify what evidence is to be tested, to state that she consents to provide samples of bodily fluid for use in DNA testing, and to acknowledge that she understands that, if the motion is granted, any data obtained from any DNA samples or test results may be entered into law enforcement databases, may be used in the investigation of other crimes, and may be used as evidence against her in other cases. *See* 42 Pa. Cons. Stat. § 9543.1(c)(i), (ii), (iii).

Furthermore, even assuming [Appellant] satisfies the threshold requirements under subsection [(c)], [Appellant] fails to present a *prima facie* case of "actual innocence." *See* 42 Pa. Cons. Stat. § 9543.1 (c)(3)(ii)(A). [Appellant] fails to provide any meaningful analysis to demonstrate that, assuming exculpatory results, the DNA testing would establish her innocence. Accordingly, [Appellant's] request for DNA testing is denied.

PCRA Court Opinion, 8/9/22, at 1-2 (footnote omitted). The record confirms the PCRA court's analysis, and we discern no error in the court's denial of Appellant's request for DNA testing.

For the above reasons, we affirm the PCRA court's order.

Order affirmed.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*

*Date: 12/29/2022*

- 11 -